Good morning, your honors. May it please the court, Michael Powell on behalf of the appellate, Mr. Numez-Rodelo. I guess everybody's bringing Blakely to the court's attention. It seems like that's a very fast-moving issue at this particular point. I don't think it has a particularly direct bearing on what we're talking about today, except in the sense that it extends the Sixth Amendment ideas, first, set, fourth, and ring, and briefly in Apprendi, about facts that have to be proven beyond a reasonable doubt. And the point is that it's different, at least from my perspective. This is a question of first impression in the area of 1326 cases, because Alamondarz-Torres was a Fifth Amendment case. And the issue there was whether or not you had to plead the aggravated felonies and prove them at trial, which was the issue was did the Fifth Amendment require that, and the court said no. But now the court's gone on a different issue in the Sixth Amendment, and they're complementary, but they're wholly different constitutional issues. And that's why I say the issue that we're addressing today is the issue of first impression, whether or not the Sixth Amendment requires these aggravated felonies to be proven beyond a reasonable doubt to the jury. Can, in fact, a judge make that factual finding? And we say no, obviously, and I think there's two points to that. I think you said that it has no direct effect on this case. Well, Blakely does. And then you started saying things that made it sound like you think it does have some kind of direct effect. Yes, sir, the Sixth Amendment does, and Blakely has an effect because there's what Justice Scali has said, which is, look, there are certain facts that judges can't make findings on. In other words, what the judge can sentence someone to, and Ring says the same thing, the judge can't make a factual finding on something that would enhance the punishment. I understand. Apprendi said that, and then Ring said that, and now we have Blakely, and, you know, maybe it's any darn fool can see the tree is going to fall eventually, but the question is who gets to swing the ax. I was really only asking, you said it had no direct effect, but it sounds like your argument is it has no direct effect, but, of course, it overturns this decision. Is that what you're saying? Well, no, I guess, I'm sorry, Judge Fernandez, what I was saying is that I'm not really arguing a guideline issue here in a sense. I'm just arguing whether or not the judge can impose a sentence higher than 1326A, because in a guilty plea where the defendant has admitted that he has reentered and without permission, then the maximum sentence allowed under that particular set of facts admitted by the defendant is two years. In this case, Mr. Nunez-Rodallo got 41 months. So your argument is all about Blakely. Well, more about Ring and Blakely, both, but still it's about the, well, actually it's about the Sixth Amendment. And, okay, and I understand the hurdle we have to overcome is the apprendee idea that the mere fact of conviction is accepted from this, either the Fifth or the Sixth Amendment. Well, you have Almendarez-Torres, you have our series of cases, United States v. Pacheco-Cepeda. Right, and I have two arguments there. Number one, as I said, Almendarez-Torres is a Fifth Amendment issue. Now, okay, that binds, if I was here making a Fifth Amendment argument, I'd say, well, and I think the Court would be right, Pacheco-Cepeda says, no, that's the Supreme Court's right to make a different determination on the Fifth Amendment issue. What I'm saying here is we're making a different constitutional challenge to this particular sentencing aspect, and it's on the right to have jury, the right to the jury trial and have the right for a jury to make these factual distinctions. Now, Almendarez-Torres was whether or not the jury would be asked to decide. Well, in the scheme of 1326, there's two facts they have to decide, and my argument is it is not the mere fact of conviction because literally, under the way the statute is structured, a returning alien can have 100 convictions and it wouldn't make a difference if they did not come at the right time and if they are not the right type. So those are facts that, number one, temporal sequence, did the conviction occur before he was deported or after. That's a straight-out factual determination that the jury needs to make. And as Justice Thomas said in his dissent in one of the other cases, there is a distinct temporal aspect to this It has to occur before the immigration proceeding that now you violated by coming back. So that's the challenge. So you're saying that has to be decided by a jury. Yes, it does. The fact of the conviction and the time of the conviction. Right. And that's what I'm saying is because we're not talking about the mere fact of conviction because then it wouldn't matter what it was or when it happened if that's the exception. But the Sixth Amendment says any fact that enhances a sentence, and it did in this case, because without this enhancement, this gentleman's guidelines would have been seven months max. So if that's true in this case, it would be double jeopardy to try to do that, I take it. And, in effect, you'd say he's got to be sentenced under A, period. Yes, because right now we're at the, I mean, the conviction is complete. We're just at the sentencing fact. So what he admitted makes him liable for punishment under A but not under B-1 nor B-2. I understand. Let me ask you something about with respect to the sentencing hearing here. Because as I recall from reading the sentencing transcript, there was a dispute about whether or not the defendant disputed whether or not the district court judge was required to impose the 16-level enhancement. And if I'm not mistaken, counsel said, we're not disputing the court's obligation to impose the 16-level enhancement, we're just making an apprendee argument to preserve our rights. Right. What was the effect of all of that? Well, I mean, the fact that we're making the apprendee argument, but we're making the understanding that this Court has said under Pacheco's opinion that, well, yeah, go ahead. Well, as I recall, there was no dispute to the – as I recall, in the sentencing report, you know, this was laid out, and there was no dispute to the fact that  there was no objection to the fact that he had suffered this particular conviction. No. But having suffered it doesn't still mean that it can be enhanced, because the judge then still has to make the factual finding that it was in the temporal aspect and it was of the right species. And this is why I would – But if a defendant admits the fact – He admitted nothing, Your Honor. I mean, at the guilty plea, he admitted nothing. I'm not talking about the guilty plea. I agree with you on that. I read the guilty plea. But then – I'm talking about what occurred at the sentencing hearing. So what would have to have occurred to reach what you're talking about, Judge Paius, is he would have had to waive on his right his sixth – on record his Sixth Amendment right to have the judge find that fact, even though the jury was supposed to find that. And that didn't happen. Whether or not you dispute that Pacheco Zepeda controls this case in front of the judge, the fact is we're still saying that we have a Sixth Amendment right. Go ahead, Judge, because right now we understand you're bound by the decisions of this particular court on that issue. But the thing is, is that without that waiver – and I don't say anyone can't waive that. You can go into a sentence and say, I waive my right to have a jury find these facts. Judge, go ahead. And I did that on the record and I knew about it, and I said that's fine. I have a minute or two, and unless the Court asks a question, I'll reserve to you. Good morning, gentlemen. May it please this Court, I'm Paul Puglisi. I'm from the United States Attorney's Office in Reno, and I'm representing the government's interests in this matter. I believe that counsel's major argument here is that no court has addressed the Sixth Amendment argument as it relates to 1326b-2, and that there's, based on changes to the statute, the Illegal Immigration Reform and Immigration Responsibility Act of 1996, there's now a temporal and a severity aspect to the prior conviction. The government disagrees. The government, in looking at the Al-Mandaris-Torres case, finds that the majority opinion does specifically address proving prior convictions to a jury beyond a reasonable doubt and does address the Sixth Amendment argument and found that the danger of unfairness in doing that outweighed the necessity to prove that and found that 1326b-2 is just a sentencing enhancement. It's not a separate offense, and therefore a judge can find that, and nothing that's happened since Al-Mandaris-Torres changed that. Well, here's the problem that maybe Blakely presents, okay? In Apprendi, the Court specifically said, we're not doing anything to Al-Mandaris-Torres, right? Yes, sir. And in Ring, the Court specifically said that again. We're not doing anything to Al-Mandaris-Torres. In Blakely, I'm not sure the Court said that. Am I wrong? I believe you're correct, Your Honor. The Court did not address Al-Mandaris-Torres. But what the Court did do was use the exact same language from Apprendi in stating that beyond the fact of prior conviction, other facts supporting a sentencing enhancement have to be provided to the jury. So in this specific instance, the government doesn't believe that the narrow exception created by Al-Mandaris-Torres and approved in Apprendi has been affected. We also don't believe the temporal aspect of the prior conviction nor the nature of the prior conviction was changed in 1996, which would make the Al-Mandaris-Torres case, as counsel has noted, just a historical case and not binding or providing any guidance to this Court. The only thing that changed in 1326b-2 was the term deportation to removal. The same temporal argument and nature of the prior offenses remained exactly the same. So the Court had an opportunity to address that in Al-Mandaris-Torres and in Apprendi and Pacheco-Zapata. And so this Sixth Amendment argument is not something that's new to the Court. Therefore, we believe these prior decisions do provide guidance and are binding on the Court. In addition, we don't think, for reasons that we've kind of hinted at, Blakely has changed anything. Al-Mandaris-Torres exists. Apprendi acknowledges that. And Blakely adopts the exact same language from Apprendi. Therefore, we believe that entire line of cases through the Ninth Circuit's decisions in Pacheco-Zapata and Arellano-Rivera apply in this case. The only other thing the government would like to address is the terminology distinction that was raised in the counsel's opening brief, indicating that the terminology that was used in this case is significant, the fact that the defendant in this case pled guilty to deportation and not removal, and 1326b-2 requires a prior removal in order to get the enhancement to either 10 or 20 years, based on the nature of the prior conviction. And the government would just point out that the circuit's prior decisions in this case, I think, have ruled on that matter and say that the distinction between deportation and removal are legally insignificant. And it's important to note that the defendant in this case was, in fact, deported in 1993 after having received a conviction for an aggravated felony. And he was found prior to the Illegal Immigration Reform Act of 96. He qualified for the enhancement. And the fact that Congress changed the language from deportation and removal and used a more encompassing term is doesn't do anything to lessen this defendant's the application of the sentencing enhancement to this defendant. And unless the Court has any questions, that's all the government has. Thank you. Thank you, Your Honor. Just briefly, there is no Sixth Amendment issue in Almodnarez-Torres. In fact, the Court framed a question, and this is Almodnarez-Torres 523 U.S. 226. If it constitutes a separate crime, then the government must write an indictment that mentions the additional elements, namely an aggravated felony. It goes on at page 239 to 240. This Court has explicitly held that the Constitution's Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt. Now, we've moved past that straight Fifth Amendment challenge. This is a different idea. It's a Sixth Amendment challenge. And so Almodnarez-Torres does not control the Sixth Amendment issue. Ring and Blakely do. And what they said is that the Sixth Amendment, and this is what Justice Scalia said, in fact, he said in Ring. He says, I don't care what you call them. We're going to say maybe they're a functional equivalent of the elements. It doesn't matter. So that's a different idea. Whether the statute calls it an element or not doesn't matter. But the fact is that those facts must be found by a jury, period. And that's where we're at now. And I would point out two things to the Court. In Ring, one of the aggravators or two of the aggravators, the statutory aggravators that the Court could not find, were both prior convictions, identical to what we have here. It's set up this very same way in the Federal Death Penalty Act. Out of the 16 aggravators, seven of them are prior convictions that have to happen in a certain sequence and be of the same time. Now, I realize death is different, but I don't think the Sixth Amendment analysis is. And on that, I submit it to Your Honors, unless there's another question. You know, under our general orders, if an earlier panel has the same issue before it, we defer to the earlier panel. And you're not the first. I have a recent belief that you're not the first lawyer to raise this particular issue. And so there may be other panels with prior. Well, that I didn't know, Your Honor. Like I said, I haven't seen anything come out since I left the office yesterday. I know that. Thank you. But it may be a while before something does because we have to wait for other panels to resolve the issues that they have submitted prior to today. It's interesting because I had one other attorney tell me that his case on the same issue was awaiting a decision in this case. So there may be a bunch of them out there. Yes. Wait for the dominoes to fall. Thank you, Your Honor. All right. The matter will stand submitted for the moment. United States versus Juana Mendoza. Mr. Park.
judges: Fernandez, Paez, Clifton